*The Law Offices of*
CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, New York 11743
(631) 271-6596 phone
(631) 351-0196 fax
CHRISTOPHER J. CASSAR, ESQ. (CC9520)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X        Civil Action No.:

JAMES KALAMARAS,

                Plaintiff,        **VERIFIED**
                                          **COMPLAINT**

      -against-

COUNTY OF NASSAU, MADELINE SINGAS, in her
individual and official capacities, GEORGE SMIT, in
his individual and official capacities,
ANNE DONNELLY, in her individual and official
capacities,
DETECTIVE BRIAN KAMINSKI, in his individual
and official capacities,
DETECTIVE MATTHEW SCHILLER, in his
individual and official capacities,
JOHN DOE POLICE OFFICER #1, in his individual
and official capacities, JOHN DOE POLICE OFFICER
#2, in his individual and official capacities, JANE DOE
POLICE OFFICER #1, in her individual and official
capacities, NICHOLAS BAIALARDO, JAMES M.
CHMELA, and JOSE SANTIAGO,

                Defendants.
----------------------------------------------------------------X

1

The Plaintiff, by his attorneys, *The Law Offices of* CHRISTOPHER J. CASSAR, P.C., as and for his complaint against Defendants, respectfully alleges as follows:

## I.
## INTRODUCTION

1.      This is an action for damages against the Defendants for falsely and wrongfully arresting and prosecuting, under Nassau County Indictment Number 558N-2015, the Plaintiff, JAMES KALAMARAS, for violations of Penal Law § 140.20 (Burglary in the Third Degree); Penal Law § 150.10(1) (Arson in the Third Degree); Penal Law § 145.10 (Criminal Mischief in the Second Degree); and for the violations of the Plaintiff's constitutionally guaranteed rights.

2.      The Plaintiff was detained in the Nassau County Correctional Facility pending trial for over one (1) year, and after trial the Plaintiff was acquitted of all charges.

## II.
## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983, and jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. The Plaintiff further invokes the pendent jurisdiction of the Court to hear and decide claims arising under state law.

2.      Venue is placed in the Eastern District because it is where the Plaintiff resides, and where the events complained of occurred.

## III.
## PARTIES

1.      At all times pertinent to the allegations contained in the Complaint, the Plaintiff, JAMES KALAMARAS, is a citizen of the United States, resident of the State of New York and of the County of Nassau.

2.      At all times pertinent to the allegations contained in the Complaint, Defendant, COUNTY OF NASSAU, was a municipal corporation organized and existing under the laws of the State of New York.

3.      At all times pertinent to the allegations contained in the Complaint, the Defendant, MADELINE SINGAS, is employed by the Defendant, COUNTY OF NASSAU, as the District Attorney for the Defendant, COUNTY OF NASSAU. Her actions alleged were under the color of the laws of the COUNTY OF NASSAU. MADELINE SINGAS is being sued in both her individual and official capacities.

4.      At all times pertinent to the allegations contained in the Complaint, the Defendant, GEORGE SMIT, is employed by the Defendant, COUNTY OF NASSAU, as an Assistant District Attorney for the Defendant, COUNTY OF NASSAU. His actions alleged were under the color of the laws of the COUNTY OF NASSAU. GEORGE SMIT is being sued in both his individual and official capacities.

5.     At all times pertinent to the allegations contained in the Complaint, the Defendant, ANNE DONNELLY, is employed by the Defendant, COUNTY OF NASSAU, as an Assistant District Attorney for the Defendant, COUNTY OF NASSAU. Her actions alleged were under the color of the laws of the COUNTY OF NASSAU. ANNE DONNELLY is being sued in both her individual and official capacities.

6.     At all times pertinent to the allegations contained in the Complaint, the Defendant, DETECTIVE BRIAN KAMINSKI, is employed by the Defendant, COUNTY OF NASSAU, as a Police Officer. His actions alleged were under the color of the laws of the COUNTY OF NASSAU. DETECTIVE BRAIN KAMINSKI is being sued in both his individual and official capacities.

7.     At all times pertinent to the allegations contained in the Complaint, the Defendant, DETECTIVE MATTHEW SCHILLER, is employed by the Defendant, COUNTY OF NASSAU, as a Police Officer. His actions alleged were under the color of the laws of the COUNTY OF NASSAU. DETECTIVE MATTHEW SCHILLER is being sued in his individual and official capacities.

8.     At all times pertinent to the allegations contained in the Complaint, the Defendant, JOHN DOE POLICE OFFICER #1, is employed by the Defendant, COUNTY OF NASSAU, as a Police Officer. His actions alleged were under the color of the laws of the COUNTY OF NASSAU. JOHN DOE POLICE OFFICER

#1 is being sued in both his individual and official capacities.

9.      At all times pertinent to the allegations contained in the Complaint, the Defendant, JOHN DOE POLICE OFFICER #2, is employed by the Defendant, COUNTY OF NASSAU, as a Police Officer. His actions alleged were under the color of the laws of the COUNTY OF NASSAU. JOHN DOE POLICE OFFICER #2 is being sued in both his individual and official capacities.

10.      At all times pertinent to the allegations contained in the Complaint, the Defendant, JANE DOE POLICE OFFICER #1, is employed by the Defendant, COUNTY OF NASSAU, as a Police Officer. Her actions alleged were under the color of the laws of the COUNTY OF NASSAU. JANE DOE POLICE OFFICER #1 is being sued in both her individual and official capacities.

11.      At all times pertinent to the allegations contained in the Complaint, the Defendant, NICHOLAS BAIALARDO, is a resident of Suffolk County, New York.

12.      At all times pertinent to the allegations contained in the complaint, the Defendant, JAMES M. CHMELA, is a resident of Suffolk County, New York.

13.      At all times pertinent to the allegations contained in the Complaint, the Defendant, JOSE SANTIAGO, is a resident of Bronx County, New York.

14.      At all times relevant to the allegations contained in the Complaint, and in all actions of the Defendants alleged herein, the Defendants were acting under color of law, and pursuant to their authority under the County of Nassau.

15.     Defendants DETECTIVE BRIAN KAMINSKI, DETECTIVE MATTHEW SCHILLER, JOHN DOE POLICE OFFICER #1, JOHN DOE POLICE OFFICER #2, and JANE DOE POLICE OFFICER #1 shall herein be collectively referred to as "POLICE OFFICERS."

### IV.
### FACTS AND CIRCUMSTANCES

1.     On or about April 14, 2015, the Defendants falsely and wrongfully arrested the Plaintiff for violations of Penal Law § 140.20 (Burglary in the Third Degree) and Penal Law § 150.10(1) (Arson in the Third Degree).

2.     On or about April 14, 2015, the Plaintiff was physically and violently arrested by several Nassau County Police Officers, including but not limited to the POLICE OFFICERS.

3.     On or about April 22, 2015, the Plaintiff was indicted under Nassau County Indictment Number 558N-2015 for violations of Penal Law § 140.20 (Burglary in the Third Degree); Penal Law § 150.10(1) (Arson in the Third Degree) and Penal Law § 145.10 (Criminal Mischief in the Second Degree).

4.     On or about February 5, 2016, in the Nassau County Supreme Court, after a jury trial, and after examination into the facts and circumstances of the charges, the Plaintiff was acquitted of all charges alleged in the indictment.

**V.**
**AS AND FOR THE FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**
**EXCESSIVE FORCE CLAIM**

1.      The Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in above paragraphs of the Complaint, with the same force and effect as

though fully set forth herein.

2.      The Defendants lacked reasonable cause to stalk, harass, assault, batter,

seize, search, manhandle, menace and/or otherwise subject the Plaintiff to excessive

physical contact.

3.      The Defendants lacked reasonable cause to arrest Plaintiff or to retain

him in prolonged custody.

4.      The wrongful detainment, wrongful arrest, excessive force and other

wrongful acts conducted against the Plaintiff by the Defendants, their agents,

employees and servants, were committed under the color of law, customs and

statutes of the State of New York and under the color of law, customs and statutes of

the United States of America, to deprive Plaintiff of various constitutional rights.

5.      The Plaintiff was falsely seized, falsely detained and falsely arrested by

the Defendants, and unreasonably subjected to excessive and unreasonable force and

unreasonable search and seizure. U.S. Const. amend. IV.

6.      The Plaintiff was falsely arrested, falsely seized, falsely detained and

held for an unreasonable period of time against his will without justification,

explanation or rationale of such detention. *Id.*

7.     While being detained, the Plaintiff was subjected to excessive forced, and to an unlawful search and unlawful imprisonment. *Id.*

8.     The Defendants were each aware of the unlawful and unreasonable detention, stop, search and seizure of the Plaintiff.

9.     Such search, seizure, arrest, detention and assault was ordered, condoned, and authorized by the Defendants, COUNTY OF NASSAU, its agents, employees, and servants, including but not limited to the POLICE OFFICERS with unreasonable, callous, and deliberate indifference to the Plaintiff's innocence and physical welfare.

10.     As part of the false arrest, detention and accusation, the Defendants caused the Plaintiff to be seized, arrested, and held without probable cause, and caused him to be deprived of his liberty without due process, and caused him further to be exposed to disgrace, public humiliation and embarrassment. U.S. Const. amend. V.

11.     Each of the individual Defendants, acting under color of law, acted unreasonably, and separately and/or in concert acted willfully, knowingly, and purposefully with the specific intent to deprive the Plaintiff of his right to freedom from illegal seizure, and freedom from illegal detention and imprisonment. All of these rights are secured to the Plaintiff by the provisions of the due process clause of

the Fifth and Fourteenth Amendment to the Constitution of the United States, the Fourth Amendment, and by 42 U.S.C. § 1983. U.S. Const. amends. IV, V, XIV.

12. In falsely arresting, abusing, detaining, threatening, intimidating and interrogating the Plaintiff, the Defendants each knew or should have known they were violating laws of the State of New York, and those statutory and constitutional rights set forth herein, and have failed to prevent the same, and therefore acted in concert to harm Plaintiff.

13. As a direct consequence of the actions of the Defendants, acting in furtherance of their duties as agents of COUNTY OF NASSAU, the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

14. As a direct consequence of the of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

15. As a result of Defendants' unlawful conduct, the Plaintiff suffered injury, and is accordingly entitled to compensatory damages against all Defendants.

**VI.**
## AS AND FOR THE SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
## ABUSE OF PROCESS

1.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in above paragraphs of the Complaint, with the same force and effect as though fully set forth herein.

2.     The Defendants intentionally, recklessly and maliciously filed and/or caused to be filed, in Criminal Court, a false, inaccurate and/or misleading Criminal Court Complaint against the Plaintiff.

3.     The Criminal Court Complaint was made by the aforementioned Defendants without research and investigation into the veracity and/or truthfulness of said Complaint.

4.     The Defendants filed a false Criminal Court Complaint against the Plaintiff, with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

5.     The Defendants' clear intentions were to use the Criminal Court system to cause harm to the Plaintiff without proper motive, excuse or justification of any kind.

6.     The Defendants' use of the Criminal Court process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of the Plaintiff solely for a purpose that was/is

outside the legitimate ends of the legal process.

7.     The Defendants, with knowledge of the inaccuracy and/or falsity of the Criminal Court complaint made by Defendants, and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, the false, inaccurate and/or misleading Criminal Court complaint against the Plaintiff.

8.      As a direct consequence of the actions of the Defendants, acting in furtherance of their duties as agents of the COUNTY OF NASSAU, the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

9.     As a direct consequence of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, Criminal Court record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

10.    As a result of Defendants' unlawful conduct, the Plaintiff suffered injury, and is accordingly entitled to compensatory damages against all Defendants.

**VII.**
**AS AND FOR THE THIRD CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**
**FALSE ARREST CLAIM AND MALICIOUS PROSECUTION**

1.      The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of the Complaint, with the same force and effect as though fully set forth herein.

2.      The Defendants lacked reasonable suspicion and probable cause to stop and detain the Plaintiff. During the arrest time, the Plaintiff was physically prevented from leaving custody, and kept there under the supervision and the knowledge of Defendants without access to his freedom. The Defendants then fabricated false statements, falsified records, miss-characterized facts and engaged in perjury in Court in an attempt to justify their excessive force upon, and false arrest of the Plaintiff.

3.      The subsequent malicious prosecution of the Plaintiff, which was conducted by the Defendants with knowledge that the Plaintiff was wrongfully stopped, falsely detained, harassed and wrongfully arrested without any cause, was committed by the Defendants under the color of law, customs, and statutes of the State of New York and under federal law. The Defendants then fabricated false statements, falsified records, miss-characterized facts and engaged in perjury in an attempt to justify and further their malicious prosecution of the Plaintiff.

4.      Under the color of law, the Defendants deprived the Plaintiff of his rights to protection from unlawful search and seizure by falsely charging the Plaintiff, and prosecuting the Plaintiff in Criminal Court for which there was no evidence or substantiation of any kind to the allegations.

5.      The accusations filed against the Plaintiff were false, and were an attempt to cover up the false arrest and abuse of process which has been inflicted by Defendants on the Plaintiff.

6.      The malicious prosecution of the Plaintiff without probable cause, and other wrongful acts conducted against the Plaintiff by the Defendants, constitutes a violation of the Plaintiff's rights, secured by the New York State Constitution and the United States Constitution, to be free from unreasonable searches and seizures. U.S. Const. amend. V. NY. Const. art I, § 12.

7.      The actions of the Defendants were grossly negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject the Plaintiff to summary punishment, but failed to do so and breached their duty.

8.      There was a determination in the Criminal Court proceedings on the merits in favor of the Plaintiff.

9.      The evidence throughout the proceeding in the Criminal Court did not warrant the basis to proceed with the charges against the Plaintiff, but the Defendants nevertheless proceeded to charge the Plaintiff.

10. No reasonable officer would have acted with such ill-intention, un-professionalism and negligence as the POLICE OFFICERS acted against the Plaintiff.

11. The Defendants acted under the color of law to deny the Plaintiff of his constitutional rights to due process and freedom from seizure, by wrongfully detaining him, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured by the Plaintiff.

12. As a direct consequence of the actions of the POLICE OFFICERS, acting in furtherance of their duties as agents of the Defendant, COUNTY OF NASSAU, the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

13. As a direct consequence of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, Criminal Court record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

14. As a result of Defendants' unlawful conduct, the Plaintiff suffered injury, and is accordingly entitled to compensatory damages against all Defendants.

**VIII.**
**AS AND FOR THE FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS**
**PURSUANT TO 42 U.S.C. §§ 1983 and 1986**
**FAILURE TO INTERVENE**

1.      The Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in the above paragraphs of the Complaint, with the same force and effect

as though fully set forth herein.

2.      The POLICE OFFICERS knew or should have known that the

detainment, false arrest, seizure of property and excessive force used against the

Plaintiff violated the Plaintiff's rights guaranteed to him under the Fourth, Fifth and

Fourteenth Amendments and under 42 U.S.C. §§ 1981, 1983 and 1986. U.S. Const.

amends. IV, V, XIV.

3.      Each of the Defendants had the authority, ability and concurrent duty

under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, seizure of

property and excessive force against the Plaintiff, yet neglected to prevent said

violations from occurring, and further failed to intervene to protect or aid the

Plaintiff when such violations did in fact occur.

4.      Despite being placed on clear and detailed notice, the Defendants failed

to stop these wrongful actions, which constitutes a breach of duty to do so under 42

U.S.C. § 1986.

5.     The Defendant Police Officers knew or should have known that the fabricated accusations against, and excessive force used against the Plaintiff were violations of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the United States Constitution. U.S. Const. amends. IV, V, XIV.

6.     The Defendants had and continued to have the power to prevent the continued due process violations against the Plaintiff, yet have failed to prevent or dismiss the fabricated charges against the Plaintiff, or to protect the Plaintiff from the unwarranted penalties of the Criminal Court charges.

7.     The refusal by the Defendants, COUNTY OF NASSAU, to discipline the POLICE OFFICERS for their misconduct against the Plaintiff is neglectful of their duty to prevent the further violation of the Plaintiff's right to compensation under 42 U.S.C §§ 1981, 1983, and 1986, with such violations occurring as a result of the POLICE OFFICERS being improperly cleared of any wrongdoing.

8.     As a direct consequence of the actions of the Defendants, acting in furtherance of their duties as agents of the Defendant, COUNTY OF NASSAU, the Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, and loss of liberty and the infringement of his rights guaranteed to him under the United States Constitution.

9. As a direct consequence of the actions of the Defendants, the Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, Criminal Court record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

10. As a result of Defendants' unlawful conduct, the Plaintiff suffered injury, and is accordingly entitled to compensatory damages against all Defendants.

### IX.
### AS AND FOR THE FIFTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### MUNICIPAL LIABILITY

1. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of the Complaint, with the same force and effect as though fully set forth herein.

2. The Defendant, COUNTY OF NASSAU, has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, and unreasonable and unlawful searches and seizures against residents of the COUNTY OF NASSAU by police officers of the COUNTY OF NASSAU, and other local police departments within the jurisdiction of the COUNTY OF NASSAU.

3. Although such illegal use of force and seizure is improper, the Officers involved were not seriously prosecuted, disciplined or subjected to

restraint, and such incidents were in fact covered up with official claims that the use of force and seizure of personal property were justified and proper.

4.     As a result, police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be abused under circumstances not requiring the use of excessive force, and that such mistreatment would in fact be permitted by the Defendant, COUNTY OF NASSAU.

5.     In addition to permitting a pattern and practice of improper abuses by the POLICE OFFICERS in the COUNTY OF NASSAU, the Defendant, COUNTY OF NASSAU, has failed to maintain a proper system of investigation of all incidents of unjustified seizures of personal property, and excessive use of force by police officers.

6.     The Defendant, COUNTY OF NASSAU, has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers who wrongfully violate constitutional rights of citizens, use excessive force, and abuse of civilians of the COUNTY OF NASSAU, and COUNTY OF NASSAU has failed to find that civilian complaints made against police officers are founded or valid in anyway.

7.     Therefore, the Defendant, COUNTY OF NASSAU, is liable under 42 U.S.C. § 1983 because the COUNTY OF NASSAU has had actual and/or constructive knowledge of the patterns of abuse and excessive force against

minorities by its police officers, employees and/or agents in violation of the United States Constitution, and because of the un-meaningful policy and custom for reviewing complaints of misconduct, the POLICE OFFICERS relied upon that flawed policy to continue their patterns of abuse, excessive force, unlawful search and seizure of personal property and discriminatory legal enforcement, all in violation of the Plaintiff's rights.

8. The Defendant, COUNTY OF NASSAU, has maintained a system of review of unjustified seizures of personal property, and excessive use of force by police officers that has failed to identify the improper brutality by police officers, and failed to subject officers who brutalized citizens to discipline, closer supervision or restraint, to the extent that it has become the custom of the Defendant, COUNTY OF NASSAU, to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

9. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendant, COUNTY OF NASSAU, unjustifiably harassed, searched and seized property from, illegally arrested and confined the Plaintiff in violation of his civil and constitutional rights, and the Plaintiff has suffered with the temporary loss of employment and pay, as well as humiliation and embarrassment.

10.     The Defendant, COUNTY OF NASSAU, was reckless, careless, intentional, negligent and/or deliberately indifferent in the training, hiring, administration and supervision of the POLICE OFFICERS.

11.     As a result of Defendants' unlawful conduct, the Plaintiff suffered injury, and is accordingly entitled to compensatory damages against all Defendants.

**X.**
**AS AND FOR THE SIXTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1985**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS CLAIM**

1.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above of the Complaint, with the same force and effect as though fully set forth herein.

2.     The Defendants, by agreeing to implement a policy and practice whereby the Plaintiff is denied due process, the Defendants conspired to deprive Plaintiff of the equal protection of the law, and of equal privileges and immunities of the laws of the United States, resulting in injury to Plaintiff's person and property, in violation of 42 U.S.C. § 1985(3).

3.     The Defendants collectively decided to mistreat the Plaintiff, and collectively decided to deny him his due process rights under the Fourteenth Amendment. U.S. Const. amend. XIV.

4.     The Defendants' accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful, and were intended to

cause Plaintiff injury and to harass Plaintiff.

5. The Defendants knew of the wrongful and abusive conduct of the other Defendants, and conspired to allow their false claims, malicious prosecution, false arrest, abuse of process, mistreatment and other wrongful and demeaning acts to occur and continue, including the detention of Plaintiff against his will, full processing, proffering of false charges, finger printing, taking mug shot, supporting prosecution, providing false statements and testimony, and other agreements and actions not yet fully known to the Plaintiff.

6. The POLICE OFFICERS brought about the Plaintiff's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification, all without consideration of the Plaintiff's rights in violation of all of Plaintiff's rights.

7. That the false arrest, false imprisonment, excessive force and violation of the laws of the State of New York, and federal law, and the Plaintiff's civil rights were brought about and caused by the condoned and conspired actions of Defendants, and intentional abuse of process causing damage to the Plaintiff. All of these rights are secured to the Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

8. That by reason of the foregoing, the Plaintiff has been exposed to disgrace, public humiliation and embarrassment, and was deprived of his constitutional rights.

9.    As a result of Defendants' unlawful conduct, the Plaintiff suffered injury, and is accordingly entitled to compensatory damages against all Defendants.

## XI.
## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1. Compensatory damages to the Plaintiff in the amount of $3,000,000.00;
2. General damages in the amount of $3,000,000.00;
3. Punitive damages against the Defendants in the amount of $3,000,000.00;
4. Awarding the Plaintiff the reasonable cost, expense, and attorney's fees of the action; and
5. Any such other and further relief that this Court may deem just and proper.

Dated:    Huntington, New York
          February 23, 2017

Respectfully submitted,

CHRISTOPHER J. CASSAR, ESQ. (CC9520)
*The Law Offices of*
CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, New York 11743
(631) 271-6596

# CERTIFICATION

STATE OF NEW YORK   )

COUNTY OF ~~NASSAU~~ SUFFK   )

       ) ss.:

**JAMES KALAMARAS,** being duly sworn, deposes and says:

       I am the Plaintiff in the within action; I have read the forgoing complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

                       JAMES KALAMARAS

Sworn to before me on the
23th day of February 2017.

_____
Notary Public

CHRISTOPHER J. CASSAR
Notary Public, State of New York
No. 02CA4987347
Qualified in Suffolk County
Commission Expires Oct. 15, 20__