WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
*Counsel for the County Defendants*
666 Old Country Road -- Suite 602
Garden City, NY 11530; and
1133 Westchester Avenue
White Plains, NY 10604
Attn:   Peter A. Meisels, Esq.
         Lalit K. Loomba, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JAMES KALAMARAS, | Docket No.: 17-CV-1068 (SJF) (AYS) |
| Plaintiff, | |
| -against- | **REPLY DECLARATION OF LALIT K. LOOMBA, ESQ.** |
| COUNTY OF NASSAU, MADELINE SINGAS, in her individual and official capacities, GEORGE SMIT, in his individual and official capacities, ANNE DONNELLY, in her individual and official capacities, DETECTIVE BRIAN KAMINSKI, in his individual and official capacities, DETECTIVE MATTHEW SCHILLER, in his individual and official capacities, JOHN DOE POLICE OFFICER #1, in his individual and official capacities, JOHN DOE POLICE OFFICER #2, in his individual and official capacities, JANE DOE POLICE OFFICER #1, in her individual and official capacities, NICHOLAS BAIALARDO, JAMES M. CHMELA, and JOSE SANTIAGO, | |
| Defendants. | |

------------------------------------------------------------------------ x

LALIT K. LOOMBA, an attorney admitted to practice law before the courts of the state of New York and before the United States District Court for the Eastern District of New York, hereby declares under penalty of perjury and pursuant to 28 U.S.C. §1746, as follows.

1.   I am Of Counsel to Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendants County of Nassau, Madeline Singas, George Smit, Anne Donnelly, Brian Kaminski and Matthew Schiller (the "County Defendants") in the above-captioned action. I submit this reply

declaration in further support of the County Defendants' motion for summary judgment, and in response to the purported "cross-motion" by plaintiff. I have personal knowledge of the facts set forth below.

2. On January 25, 2018 counsel for plaintiff and the County Defendants, including myself, attended a discovery conference before Magistrate Judge Anne Shields. At the conference, Magistrate Shields stated that fact discovery could be extended beyond the January 24, 2018 deadline set forth in Judge Feuerstein's discovery order, but that if any party required an extension for discovery beyond the March 12, 2018 cutoff date set forth in Judge Feuerstein's order, any such application would have to be made to Judge Feuerstein.

3. The deposition of defendant Brian Kaminski was held on February 9, 2018. At the conclusion of the deposition, Joseph J. Karlya, Esq., an associate at the Law Office of Christopher J. Cassar, P.C., attorneys for plaintiff, stated that he would contact me concerning the scheduling of depositions of the other defendants.

4. I did not receive any further communication from Mr. Karlya, or anyone else from the law office of Christopher Cassar, concerning scheduling of additional depositions.

5. On April 20, 2018, the County Defendants served their motion for summary judgment on plaintiff's counsel via e-mail and first class mail. Pursuant to Judge Feuerstein's individual rules, the motion was not electronically filed, and was made returnable on May 11, 2018, which was the deadline for dispositive motions set forth in the Court's scheduling order.

6. On May 4, 2018, at 6:52 p.m., plaintiff's counsel e-mailed opposition to the County Defendants' motion for summary judgment. Although plaintiff did not prepare or serve a notice of cross-motion, the first section of plaintiff's memo of law includes a purported "cross-motion to strike."

7. The basis of the cross-motion is an affidavit of Alexandra Brunswick, a paralegal in the office of Christopher Cassar, P.C., attorneys for the plaintiff. In her affidavit, the paralegal claims that she "did speak with counsel for the County Defendants by telephone to schedule the continued depositions of the remaining named County Defendants." Plaintiff's Ex. L, at ¶3. She further

states: that "[i]nstead of agreeing to schedule the deposition[s] . . . counsel stated that the deposition would only be scheduled once his office received certain documentary responses from our office." *Id.* at ¶5.

8. I have reviewed the affidavit of Alexandra Brunswki, sworn to May 4, 2018, and annexed as Exhibit L to plaintiff's opposition. I never spoke with Ms. Brunswick about scheduling depositions.

9. It should be noted that Ms. Brunswick's affidavit does not state the date on which she claims to have called defense counsel; nor did she identify who she allegedly called. The affidavit only states that she spoke with "counsel for the County Defendants by telephone." Similarly, Ms. Brunswick does not identify which "certain documentary responses," were allegedly being held up as a precondition for continuing depositions of the defendants. Respectfully, the lack of detail contained in Ms. Brunswick's affidavit casts significant doubt on its credibility.

10. It should also be noted that the May 3, 2018 letter of plaintiff's counsel is similarly lacking in detail, as it refers to depositions "previously requested," but does not reference when or how those alleged requests were made.

11. In any event, it is beyond dispute is that plaintiff's attorneys never *wrote* to myself or any other attorney representing the County Defendants with a request for additional depositions, nor did they contact the Court with concerns that such depositions were not going forward. Under the individual practice rules of Magistrate Shields it was their obligation to do so. *See* Magistrate Shields, Individual Practice Rules, at ¶VI(C).

12. The only writing in this regard is a letter dated May 3, 2018 (Plaintiff's Ex. M), which notably was prepared thirteen days *after* the County Defendants' motion for summary judgment was e-mailed to plaintiff's counsel. In fact, plaintiff never sought the deposition of any of the other depositions until May 3, 2018, nearly two months after the close of all discovery and two weeks after the County Defendants e-mailed plaintiff's counsel with their motion for summary judgment.

7032915v.1

WHEREFORE, for the reasons set forth above and in the County Defendants' moving papers, the County Defendants' motion for summary judgment should be granted, and plaintiff's purported cross-motion should be denied.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of May 2018.

_____
Lalit K. Loomba